IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**CARMEN P. MORALES OCASIO,** *et al.*,

   Plaintiffs,

   v.

**RAFAEL ROMAN MELENDEZ***, et al.*,

   Defendants

Civil No. 15-1431 (BJM)

## OPINION AND ORDER

Carmen P. Morales Ocasio ("Morales"), personally and on behalf of her son, R.G.M sued Rafael Roman Melendez ("Roman") in his official capacity as Secretary of the Puerto Rico Department of Education ("DOE"), Commonwealth of Puerto Rico, and other defendants. Plaintiffs, having prevailed by settlement in their federal-court action for preliminary and permanent injunctive relief, seek a total of **$4,726.50** in attorney's fees and costs from defendants pursuant to the fee-shifting provision of the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 *et seq.* Docket Nos. 60–61. Defendants opposed. Docket No. 62. The case is before me by consent of the parties. Docket No. 30.

### FACTUAL AND PROCEDURAL HISTORY

R.G.M is registered with DOE as a student with disabilities. Compl. ¶ 11. DRF has been diagnosed with specific problems related to her education. Compl ¶ 9. DRF resides with her mother in San Juan, Puerto Rico. Compl. ¶ 10.

On April 20, 2015, plaintiffs filed for preliminary and permanent injunctive relief before this court, alleging defendants refusal to provide R.G.M. with a free appropriate public education, as required by IDEA. 20 U.S.C. § 1400 *et seq.* Compl. ¶ 4. Plaintiffs requested a declaration that defendants violated plaintiffs' federal rights guaranteed by IDEA, an order to immediately provide R.G.M with appropriate school placement, consolidation of the injunction hearing under Fed. R. Civ. P. 65 (a) (2), and reasonable costs, expenses, and attorneys' fees. Docket No. 1. In March 4, 2016, the parties settled. Docket No. 52.

Morales-Ocasio, et al., v. Rafael Roman Melendez, et al., Civil No. 15-1431 (BJM)     2

## DISCUSSION

Plaintiffs seek attorneys' fees and costs due to them as prevailing parties pursuant to the IDEA. The IDEA permits a district court, in its discretion, to award reasonable attorneys' fees "to a prevailing party who is the parent of a child with a disability," subject to certain limitations. 20 U.S.C. § 1415(i)(3)(B)(i)(I). The fees to be awarded "shall be based on rates prevailing in the community in which the action or proceeding arose for the kind and quality of services furnished. No bonus or multiplier may be used in calculating the fees awarded . . ." *Id*. § 1415(i)(3)(C).

Among other restrictions, the court may not award attorneys' fees "relating to any meeting of the IEP Team unless such meeting is convened as a result of an administrative proceeding or judicial action, or, at the discretion of the State, for a mediation." *Id*. § 1415(i)(3)(D)(ii). A preliminary meeting (which precedes the impartial due process hearing required to be held after a complaint has been received) conducted pursuant to § 1415(f)(1)(B)(i) is not "a meeting convened as a result of an administrative hearing or judicial action." *Id*. § 1415(i)(3)(D)(iii). With certain exceptions, the court must reduce the fee award if, *inter alia*, it finds that the parent, or the parent's attorney, unreasonably protracted the final resolution of the controversy; the amount of otherwise-authorized fees "unreasonably exceeds the hourly rate prevailing in the community for similar services by attorneys of reasonably comparable skill, reputation, and experience"; or "the time spent and legal services furnished were excessive considering the nature of the action or proceeding." *Id*. § 1415(i)(3)(F).

Plaintiffs' first motion seeks compensation of **$560.00** in filing fees. Docket No. 59. The second motion, filed with supporting invoices, seeks compensation of **$26.50** for additional litigation expenses concomitant of attorneys' fees pursuant to 42 U.S.C. § 1988 and 20 U.S.C. § 1415(i)(3)(B). Docket No. 60. The third motion seeks a total of **$4,140.00** in attorneys' fees. Docket No. 61.

Defendants agree that plaintiffs are prevailing parties entitled to compensation. However, they argue that the fees charged for IEP Team meetings should not be billed because IDEA prohibits it. Docket No. 62. Defendants request a reduction of **$800.00.** *Id*. Defendants' second argument is that the total amount billed for IEP meetings is excessive considering the precarious fiscal condition Puerto Rico is traversing.

Morales-Ocasio, et al., v. Rafael Roman Melendez, et al., Civil No. 15-1431 (BJM)                                   3

The IDEA prohibits awarding attorney's fees and costs "to any meeting of the IEP Team unless such meeting is convened as a result of an administrative proceeding or judicial action, or at the discretion of the State, for a mediation described in subsection (e) of this section." 20 U.S.C.A. § 1415(i)(3)(D)(ii). The IDEA further states that "a meeting conducted pursuant to subsection (f)(1)(B)(i) shall not be considered (I) a meeting convened as a result of an administrative hearing or judicial action; or (II) an administrative hearing or judicial action for purposes of this paragraph." *Id* (iii).

The time consumed appearing at special education IEP team meetings is not recoverable. *Mr. C v. MSAD 6,* No. 6–198, 2008 WL 2609362 at *1 (D.Me. June 25, 2008). Moreover, the statute states that fees may not be awarded "relating" to any IEP Team meeting. 20 U.S.C.A. § 1415(i)(3)(D)(ii). *Rodriguez v. Puerto Rico*, 764 F. Supp. 2d 338, 345-46 (D.P.R. 2011). IEP meetings are specifically designed to be informal meetings where parents, teachers, and administrators sit down to work out an IEP by consensus if possible. 20 U.S.C. § 1414(c)(1). Considering them as part of the administrative litigation process will only encourage adversarial conduct. No fees or costs should be recovered from these meetings. The invoices adequately state that the entries disputed by defendants were held in relation to IEP Team meetings, which is sufficient to deny payment for those billed hours. According to the entire record, no court-ordered IEP Team meetings were directed. Thus, I conclude that plaintiffs' attorney's fees should be reduced by 8.0 hours from the solicited fees.

### CONCLUSION

For the foregoing reasons, the Motion for Bill of Costs, Docket No. 59, Motion for Cost and Litigation Expenses, Docket No. 60, and Motion for Attorneys' Fees, Docket No. 61, are **GRANTED** in part. Plaintiffs are awarded **$3,926.50** in costs, fees, and litigation expenses.

**IT IS SO ORDERED.**
In San Juan, Puerto Rico, this 3rd day of May 2016.

*S/ Bruce J. McGiverin*
BRUCE J. MCGIVERIN
United States Magistrate Judge